IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JAMES D. ESTES, et al.,

    Plaintiffs,

vs.                                CASE NO. CV-00-J-2689-J

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

    Defendants.

**MEMORANDUM OPINION**

Pending before the court is the defendant Metropolitan Life Insurance Company's ("MetLife) motion for summary judgment (doc. 16) to which no response has been submitted.[1]

**Procedural History**

The plaintiffs commenced this action on August 23, 2000 by filing a complaint in the Circuit Court of Fayette County, Alabama, listing causes of action under state law for conversion, negligence and wantonness. The conversion claim named solely defendant Ava Estes, and the negligence and wantonness claims named solely defendant MetLife. MetLife timely removed the case alleging the claims against it were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See Butero v. Royal Maccabees Life Ins.*, 174 F.3d 1207, 1212 (11th Cir.1999). The plaintiffs filed an amended complaint asserting a claim for ERISA benefits against defendant MetLife as well as the conversion,

---

[1] The court entered a scheduling order on January 10, 2001 (doc. 10), which set forth the time limits for responding to a motion for summary judgment.

negligence and wantonness counts from the original complaint, and a claim for fraudulent suppression against Ava Estes. *See* amended complaint (doc. 11).

Ava Estes filed a counterclaim alleging violations of the Alabama Litigation Accountability Act and harassment (doc. 13).

## Factual Background

This action arises from the payment of benefits under a life insurance policy held by MetLife, which the decedent James L. Estes purchased as an employee benefit through the employee benefit plan provided by his employer, Southern Company Services. Amended complaint at ¶ 1; affidavit of Randall at ¶ 4. This policy was issued by MetLife. Affidavit of Randall at ¶ 6. On the date of his death, June 2, 1997, the decedent. was enrolled in the plan for $53,000.00 in life insurance benefits. Affidavit of Randall at ¶ 7.

Ava Estes was the decedent's spouse at the time of his death. The plaintiffs are decedent's children. On July 11, 1997, Ava Estes submitted a form for payment of the benefits under the policy to MetLife. Affidavit of Randall at ¶ 10. According to the beneficiary designation form provided MetLife by decedent's employer, the decedent had executed a change of beneficiary form in 1994 naming Ava Estes as the beneficiary under this policy. Affidavit of Randall at ¶ 8; exhibit 3 to Randall affidavit. Having her so designated as a beneficiary and having no competing claim for the benefits, MetLife paid the proceeds of the policy, approximately $53,700.00, to Ava Estes.

Almost two years later, on June 1, 1999, the plaintiffs made a claim for the policy proceeds, alleging the 1994 form naming Ava Estes as the beneficiary was a forgery. Affidavit of Randall at ¶ 11; exhibit 5 to Randall affidavit; amended complaint at ¶ 14. The

plaintiffs submitted evidence to MetLife in support of this allegation. *See* August 24, 1998 opinion of Marty Guinn-Pearce, submitted as exhibit 2 to Randall affidavit. Further, the plaintiffs allege that the 1985 form naming them as the beneficiaries should have remained in effect and thus MetLife wrongly paid benefits under the policy. *See* affidavit of Randall at ¶ 9; exhibit 4 to Randall affidavit; amended complaint at ¶ 11. MetLife denied this claim and the plaintiffs further appeal of it, stating it paid benefits under the policy two years earlier in good faith. Affidavit of Randall at ¶ 12; exhibit 2 to Randall affidavit. Defendant Ava Estes has produced evidence in the form of an expert report that the decedent's signature on the 1994 form was not a forgery. *See* doc. 15 and exhibits thereto.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of

genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

## LEGAL ANALYSIS

Met Life argues it should be discharged from all liability because it made payment under the policy in good faith, citing *Crosby v. Crosby*, 986 F.2d 79, 83 (4th Cir. 1993). This court finds that case to be instructive. In *Crosby*, the Court stated:

> We believe that Met Life/GM's determination was reasonable in light of the documentation relied upon in making this determination--the marriage certificate and Leonard's designation of Joan as his wife and beneficiary. Therefore, we conclude that Met Life/GM did not abuse its discretion in determining Joan's entitlement to the SIBI benefits and that any payments to Joan satisfied Met Life/GM's obligations under ERISA up to the amount of those payments.
>
> We also note an alternative ground for rejecting Margaret's claim. Under ERISA, federal courts may develop common law to grant "appropriate equitable relief." *U.S. Steel Mining Co. v. District 17, United Mine Workers*, 897 F.2d 149, 152 (4th Cir.1990). *See also, Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 156, 105 S.Ct. 3085, 3097, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring). **This power to grant equitable relief compels us to adopt the widespread principle that an insurer is discharged from all subsequent liability when it makes good faith payments to a purported beneficiary without notice of any competing claims.** *Rogers v. Unionmutual Stock Life Insurance Co.*, 782 F.2d 1214 (4th Cir.1986); *Weed v. Equitable Life Assurance Society of U.S.*, 288 F.2d 463, 464 (5th Cir.1961); *Commire v. Automobile Club of Michigan Ins. Group*, 454 N.W.2d 248, 249 (1990); *Kelly Health Care Inc. v. Prudential Ins. Co. of America, Inc.*, 226 Va. 376, 309 S.E.2d 305, 306 n. 1 (1983); *Harper v. Prudential Ins. Co. of America*, 233 Kan. 358, 662 P.2d 1264, 1273 (1983); *In re Estate of Thompson*, 99 Ill.App.3d 303, 55 Ill.Dec. 217, 426 N.E.2d 1 (1981). Such a rule minimizes the chances for imposing double liability for mistaken, but good faith payments to a purported beneficiary.
>
> .... Met Life/GM exercised good faith in determining Joan's status as Leonard's legal widow and had no notice of Margaret's competing claim until after paying the $3,600 in SIBI benefits. At the time Met Life/GM made this determination, the only evidence available was Joan's presumptively valid marriage certificate and Leonard's designation of Joan as his wife and beneficiary. In light of these facts, Met Life/GM's acts were unquestionably in good faith, and thus the imposition of double liability on Met Life/GM is unwarranted.

*Crosby,* 986 F.2d at 83-84 (emphasis added). *See also Jett v. Blue Cross and Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11th Cir.1989) ("When conducting a review of an ERISA benefits denial ... the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made"), citing *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan,* 797 F.2d 521, 532 (7th Cir.1986), cert. denied, 479 U.S. 1094, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987); *Denton v. First National Bank of Waco, Texas,* 765 F.2d 1295, 1304 (5th Cir.1985); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir.1985).

MetLife also asserts that any dispute is really between the plaintiff and Ava Estes.[2] This court agrees. At most, the dispute in this court is really a claim for conversion by the plaintiffs against Ava Estes and a counterclaim by Ava Estes for harassment. No evidence has been submitted to this court that MetLife took any action that was not in good faith. Additionally, the court finds that the plaintiffs' claims against MetLife for negligence and wantonness are preempted by ERISA.

In consideration of the foregoing, the court finds that all claims against MetLife are due to be dismissed with prejudice.

This leaves solely state law claims of the plaintiffs against the Ava Estes and Ava Estes state law counterclaims against the plaintiffs. While this court has supplemental jurisdiction over plaintiffs' state law claims, the court declines to exercise supplemental

---

[2]*See* doc. 13 and exhibit A thereto. The plaintiffs and Ava Estes have apparently already fought over these benefits in probate court and agreed that Ava Estes would keep the life insurance proceeds.

jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Fox v. Custis*, 712 F.2d 84, 89-90 (4th Cir.1983). Because resolution of the remaining counts of the plaintiff's complaint depend on determinations of state law, those claims are best resolved by the Alabama courts. *See Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1352-1353 (11th Cir.1997).

## Conclusion

This court having considered all of the evidence, memoranda, briefs and arguments of the parties and the court finding that the defendant's motion for summary judgment (doc. 16) is due to be granted and that the claims against MetLife are due to be dismissed;

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED** to the extent that all of the plaintiff's claims against MetLife are **DISMISSED WITH PREJUDICE**.

The remaining claims in this case, being concerns of solely state law, are **REMANDED** to the Circuit Court for Fayette County.

**DONE** and **ORDERED** this the ___18___ day of June, 2001.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON